# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01044-COA

ZACHARIAH BROWNLEE                                             APPELLANT

v.

ANDREI G. BROWNLEE                                             APPELLEE

DATE OF JUDGMENT:                  08/18/2023
TRIAL JUDGE:                       HON. JOSEPH N. STUDDARD
COURT FROM WHICH APPEALED:         CLAY COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:            BENNIE L. JONES JR.
ATTORNEY FOR APPELLEE:             ELIZABETH FOX AUSBERN
NATURE OF THE CASE:                CIVIL - DOMESTIC RELATIONS
DISPOSITION:                       AFFIRMED - 05/27/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McDONALD AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     The Clay County Chancery Court entered a judgment granting Andrei Brownlee a divorce from Zachariah Brownlee on the ground of habitual cruel and inhuman treatment pursuant to Mississippi Code Annotated section 93-5-1 (Rev. 2021). Zachariah appeals, arguing that the chancellor erred by granting the divorce on the ground alleged. Finding no error, we affirm.

## FACTS

¶2.     Andrei and Zachariah were married on May 22, 1999. During their marriage, they had two children. The parties separated in July 2021. On November 9, 2021, Andrei filed for divorce on the ground of habitual cruel and inhuman treatment or, in the alternative,

irreconcilable differences. Zachariah was served with process on March 2, 2023, but did not file an answer, and neither he nor his attorney made an appearance at a hearing on May 17, 2023.

¶3.    During the hearing, Andrei testified about the treatment she alleged she endured during the parties' marriage. She recalled an instance when Zachariah hit her and broke her tooth after they argued about him being out all night. She testified that her brother came over afterward and began to fight with Zachariah, which their church pastor had to break up. Andrei also described an incident that occurred the day she attempted to leave the marital home. She testified that when Zachariah learned she was attempting to leave, he came home, "acted crazy," tried to bust the windows out of her car, threatened her and two law enforcement officers, and tried to close the trunk on her arm. She also claimed that Zachariah fathered three children outside their marriage.

¶4.    The chancellor also heard testimony from Andrei's mother, Mary Starks, attesting to the incidents she witnessed during the parties' marriage. She corroborated that Zachariah allegedly had three children outside the marriage. She claimed she saw messages the mother of one of the children had accidentally sent to her son about needing child support. Then, Mary testified that Zachariah did not allow her to witness a lot of the fighting and verbal abuse that occurred. She claimed that Zachariah manipulated her relationship with Andrei to keep them away from each other. However, she did recount when Andrei called her after Zachariah hit her and broke her tooth, which led to the fight between her son and Zachariah.

¶5.    After considering the witnesses' testimonies, the chancellor granted Andrei a divorce

on the ground of habitual cruel and inhuman treatment and sole legal and physical custody of the minor children. On April 10, 2023, the chancellor held a hearing on the issue of equitable distribution. Again, neither Zachariah nor his attorney made an appearance. The chancellor entered his final judgment on August 18, 2023. Aggrieved, Zachariah appeals.

## STANDARD OF REVIEW

¶6. "This Court employs a limited standard of review on appeals from chancery court." *Schmidt v. Schmidt*, 339 So. 3d 163, 174 (¶5) (Miss. Ct. App. 2022) (quoting *Campbell v. Watts*, 192 So. 3d 317, 318 (¶5) (Miss. Ct. App. 2015)). "Under that standard, this Court will not disturb the factual findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Id*. Questions of law are reviewed de novo. *Id*.

## DISCUSSION

¶7. Zachariah argues that the chancellor erred by granting Andrei a divorce on the ground of habitual cruel and inhuman treatment. A divorce on the ground of habitual cruel and inhuman treatment requires the following to be shown by a preponderance of the evidence:

> [C]onduct . . . that . . . either (1) endangers life, limb, or health, or creates a reasonable apprehension of such danger, rendering the relationship unsafe for the party seeking relief, or (2) is so unnatural and infamous as to make the marriage revolting to the nonoffending spouse and render it impossible for that spouse to discharge the duties of marriage, thus destroying the basis for its continuance.

*Baughman v. Baughman*, 350 So. 3d 271, 282 (¶30) (Miss. Ct. App. 2022) (quoting *Fulton v. Fulton*, 918 So. 2d 877, 880 (¶7) (Miss. Ct. App. 2006)).

¶8. Zachariah contends that Andrei failed to present any credible evidence or

corroboration to support her claim for habitual cruel and inhuman treatment. This Court has held that "the corroborating evidence need not be sufficient in itself to establish the ground but, rather, need only provide enough supporting facts for a court to conclude that the plaintiff''s testimony is true." *Id*. (internal quotation marks omitted) (quoting *Lindsay v. Lindsay*, 303 So. 3d 770, 781 (¶30) (Miss. Ct. App. 2020)). During the hearing, the chancellor heard testimony from Andrei that Zachariah, on more than one occasion, was explosive and volatile during their marriage. Andrei also offered the testimony of Mary Stark about Zachariah's pattern of behavior and that he fathered children outside the parties' marriage. *See Fisher v. Fisher*, 771 So. 2d 364, 368 (¶13) (Miss. 2000) (holding that the chancellor did not err when she found that evidence of uncondoned adultery satisfies the requirements for a divorce on the ground of habitual and cruel treatment because it exemplifies the manner and the relationships the defendant had throughout the marriage). In these factually intensive cases, a chancellor is in the best position to see the witnesses' demeanor and hear the witnesses testify. *Cannon v. Cannon*, 375 So. 3d 697, 708 (¶35) (Miss. Ct. App 2023) (citing *Anderson v. Anderson*, 310 So. 3d 1176, 1184 (¶32) (Miss. Ct. App. 2020)). This discretion allows the chancellor to make determinations of truthfulness, reliability, and credibility and to determine whether "the proof met or fell short of habitual cruel and inhuman treatment." *Id*. (quoting *Roley v. Roley*, 329 So. 3d 473, 495 (¶61) (Miss. Ct. App. 2021)). Here, the chancellor did not err when he found that the testimony about Zachariah's behavior constituted sufficient proof of cruel and inhuman treatment.

¶9.     Zachariah contends that Andrei failed to present any corroborating evidence to support

her claim of habitual cruel and inhuman treatment. However, "[e]ffective July 1, 2017, the Legislature amended [Mississippi Code Annotated section] 93-5-1 to include 'spousal domestic abuse' as a form of habitual cruel and inhuman treatment." *Wangler v. Wangler*, 294 So. 3d 1138, 1141 (¶9) (Miss. 2020) (quoting 2017 Miss. Laws ch. 427, § 6 (S.B. 2680)). This Court has explained that "spousal domestic abuse is not a new ground for divorce; it is specifically included in the ground of habitual cruel and inhuman treatment." *Shannon v. Shannon*, 357 So. 3d 1043, 1049 n.3 (Miss. Ct. App. 2022).[1] As amended, the statute expressly provides that habitual cruel and inhuman treatment in the form of "[s]pousal domestic abuse may be established through the reliable testimony of a single credible witness, who may be the injured party." Miss. Code Ann. § 93-5-1 (emphasis added). Thus, the amendment "eliminat[es] the corroborating-evidence requirement in such cases." *Thornton v. Thornton*, 324 So. 3d 345, 352 n.3 (Miss. Ct. App. 2021). Accordingly, Andrei's testimony regarding incidents of domestic abuse during the marriage was sufficient in and of itself to support the granting of a divorce on this ground.

### CONCLUSION

¶10. Finding no error, we affirm the chancellor's judgment granting Andrei a divorce on the ground of habitual cruel and inhuman treatment.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND ST. PÉ, JJ., CONCUR.**

---

[1] Although Andrei did not include in her complaint any allegation of spousal domestic abuse, the amended language of Mississippi Code Annotated section 93-5-1 (Rev. 2021) applied to her complaint. *See Wangler*, 294 So. 3d at 1141 (¶11).